UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: ANDREW CHARLES STUDEE § Case No. 10-01087
§ Hon. PAMELA S. HOLLIS
§ Chapter 7
§
Debtor(s)

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. The debtor filed a petition under chapter 7 of the United States Bankruptcy Code on 01/13/2010.

The undersigned trustee was appointed on 01/13/2010.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                $23,865.55

Funds were disbursed in the following amounts:

Administrative expenses
Payments to creditors                                    $0.00
Non-estate funds paid to 3rd Parties                     $0.00
Payments to the debtor                                   $0.00

Leaving a balance on hand of [1]                         $23,865.55

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (9/1/2009)

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing claims in this case was 05/24/2010. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $3,136.56. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $3,136.56, for a total compensation of $3,136.56. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00, and now requests reimbursement for expenses of $33.48, for total expenses of $33.48.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 07/06/2010      By: ALLAN J. DeMARS
                          Trustee

STATEMENT: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

EXHIBIT "A" - FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

Case No. 10-01087

Case Name: ANDREW CHARLES STUDEE

For Period Ending: 12/31/10

Trustee Name: Allan J. DeMars

Date Filed (f) or Converted (c): 1/13/10 (f)

§341(a) Meeting Date: 2/18/10

Claims Bar Date: 5/24/10

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Ref # Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§ 554(a) abandon DA=§ 554(c) abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1  residence at 5430 W. Agatite, Chicago, IL | 140,000.00 | 0.00 | DA | | FA |
| 2  condo 220 E.Flamingo Rd Las Vegas, NV | 50,000.00 | 0.00 | DA | | FA |
| 3  cash | 30.00 | 0.00 | DA | | FA |
| 4  checking/savings | 150.00 | 0.00 | DA | | FA |
| 5  household goods | 1,000.00 | 0.00 | DA | | FA |
| 6  books/picctures | 200.00 | 0.00 | DA | | FA |
| 7  clothing | 750.00 | 0.00 | DA | | FA |
| 8  jewelry | 500.00 | 0.00 | DA | | FA |
| 9  camera/hobby equip | 200.00 | 0.00 | DA | | FA |
| 10 insurance policies | 0.00 | 0.00 | DA | | FA |
| 11 education IRA | 1,800.00 | 0.00 | DA | | FA |
| 12 IRA-pension | 18,320.00 | 0.00 | DA | | FA |
| 13 incorporated and unincorporated business | unknown | 5,841.50 | | 5,841.50 | FA |
| 14 government bonds | 200.00 | 0.00 | DA | | FA |
| 15 counterclaim | unknown | 0.00 | DA | | FA |
| 16 franchise | unknown | 0.00 | DA | | FA |
| 17 2007 VW Jetta | 10,725.00 | 4,116.00 | | 4,116.00 | FA |

| | | | | |
|---|---|---|---|---|
| 18 | 2008 Honda Civic | 13,350.00 | 0.00 | DA | FA |
| 19 | office equip, furnishings | 500.00 | 0.00 | DA | FA |
| 20 | retainer balances | unknown | 0.00 | DA | FA |
| 21 | preference recovery(u) | 13,906.13 | 13,906.13 | | FA |
| 22 | interest on invested funds | | 1.92 | | |

TOTALS (Excluding unknown values)      23,863.63      23,865.55

(Total Dollar Amount in Column 6)

Major activities affecting case closing: sale of right, title and interest in partially exempt and non-exempt assets; recovery of insider preference

Current Projected Date of Final Report (TFR):  July 1, 2010

# EXHIBIT "B" - FORM 2
## CASH RECEIPTS AND DISBURSEMENT RECORDS

Case No.: 10-01087
Case Name: ANDREW CHARLES STUDEE
Taxpayer ID#: 27-6542969
For Period Ending: 12/31/10

Trustee's Name: Allan J. DeMars
Bank Name: Bank of America
Initial CD #: CDI
Blanket bond (per case limit): 5,000,000
Separate bond (if applicable): ___
Money Market #: 375 556 5392

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid to/ Received from | Description of Transaction | Uniform Transaction Code | Deposit $ | Disbursement $ | Money Market Balance |
| 4/6/10 | Ref 13,17 | Charles and Donna Studee, parents | installment on right title and interest of non and partially exempt assets | 1129-000 | 6,638.34 | | 6,638.34 |
| 4/26/10 | Ref 13,17 | Charles and Donna Studee, parents | installment on right title and interest of non and partially exempt assets | 1129-000 | 3,319.16 | | 9,957.50 |
| 5/19/10 | Ref 22 | Bank of America | interest on invested funds | 1270-000 | 0.29 | | 9,957.79 |
| 5/26/10 | Ref 21 | Charles and Donna Studee, parents, on behalf of Winifred Eide, grandmother | partial repayment of insider preference | 1241-000 | 6,953.07 | | 16,910.86 |
| 5/31/10 | Ref 22 | Bank of America | interest on invested funds | 1270-000 | 0.33 | | 16,911.19 |
| 6/28/10 | Ref 21 | Charles and Donna Studee, parents, on behalf of Winifred Eide, grandmother | partial repayment of insider preference | 1241-000 | 6,953.06 | | 23,864.25 |
| 6/29/10 | Ref 22 | Bank of America | interest on invested funds | 1270-000 | 1.30 | | 23,865.55 |

Money Market # 375 556 5392   23,865.55   0   23,865.55

Exhibit D

## TRUSTEE'S PROPOSED DISTRIBUTION

Case No: 10-01087
Case Name: ANDREW CHARLES STUDEE
Trustee Name: ALLAN J. DeMARS

Claims of secured creditors will be paid as follows:

| *Claimant* | *Proposed Payment* |
|---|---|
| NONE | $0.00 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|
| *Trustee* ALLAN J. DeMARS | $3,136.56 | $33.48 |
| *Attorney for trustee* ALLAN J. DeMARS | $2,508.00 | |
| *Appraiser* | | |
| *Auctioneer* | | |
| *Accountant* | | |
| *Special Attorney for trustee* | | |
| *Charges,* U.S. Bankruptcy Court | | |
| *Fees,* United States Trustee | | |
| *Other* | | |

UST Form 101-7-TFR (9/1/2009)

Applications for prior chapter fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|
| *Attorney for debtor* | | |
| *Attorney for* | | |
| *Accountant for* | | |
| *Appraiser for* | | |
| Other | | |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling _____$0.00_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| NONE | | | $0.00 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $169,530.14 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 10.7 percent.

Timely allowed general (unsecured) claims are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| 1 | American Express Bank FSB | $17,430.57 | 1869.98 |
| 2 | Sprint-Nextel | $107.31 | 11.51 |
| 3 | Chase Auto Finance | $3,918.05 | 420.34 |
| 4 | PYOD LLC assignee of Citibank | $12,962.22 | 1390.61 |
| 5 | Chase Bank USA NA | $15,883.16 | 1703.97 |
| 6 | Chase Bank USA NA | $18,370.58 | 1970.83 |
| 7 | PFF Main Street Chicago, LLC | $22,617.59 | 2426.46 |
| 8 | Inland Western Chicago Brickyard LLC | $35,683.04 | 3828.14 |
| 9 | Citibank South Dakota NA | $15,910.14 | 1706.87 |
| 10 | Charles and Donna Studee | $12,741.35 | 1366.92 |
| 11 | Charles and Donna Studee | 13,906.13 | 1491.88 |

UST Form 101-7-TFR (9/1/2009)

Tardily filed claims of general (unsecured) creditors totaling _____ $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be ___0___ percent.

Tardily filed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| NONE | | | $0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling _____ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be ___0___ percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| NONE | | | $0.00 |

The amount of surplus returned to the debtor after payment of all claims and interest is __$0.00__ .

UST Form 101-7-TFR (9/1/2009)